FILED _____ENTERED
_____LODGED _____RECEIVED

FEB – 4 2015

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                         DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DAVID McLAREN                              *

Petitioner                                 *

v                                          *          Civil Action No. GJH-14-3866

ERIC H. HOLDER,                            *
DOTTIE HERRERA-NILES,
JOHN ALDERMAN,                             *
CHARLES RICCIO,
DEPARTMENT OF HOMELAND SECURITY,           *
And GARRY MUMFORD, Warden
                                           *
Respondents

                              ***

## MEMORANDUM

The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2241, alleges that

Petitioner is improperly detained pending removal to Jamaica.  ECF 1.  Petitioner has been

detained in the Worcester County Jail in Snow Hill, Maryland in the custody of Immigration and

Customs Enforcement (ICE) since February 27, 2014.  Petitioner asserts his detention has

surpassed the period of time considered reasonable under the holding in *Zadvydas v. Davis*, 533

U.S. 678 (2001).

Respondents filed an Answer to the Petition for Writ of Habeas Corpus indicating that

travel documents have been secured for Petitioner's removal to Jamaica and moving to deny the

petition.  ECF 4.  For the reasons stated below, the Petition shall be denied and Petitioner's

removal shall not be stayed.

Respondents state that Petitioner is a citizen of Jamaica who was in the United States

without legal authority.  A final order for Petitioner's removal was issued on March 29, 2007.

Petitioner was taken into custody by ICE on February 27, 2014, after he was arrested in Prince

George's County, Maryland on drug charges. While he has been detained Petitioner was advised on six different occasions that he was required to assist ICE in obtaining necessary travel documents to facilitate his return to Jamaica and that his failure to cooperate would permit an extension of the removal period. Petitioner refused to cooperate on each occasion he was asked for assistance. Despite Petitioner's refusal, ICE obtained travel documents from the Jamaican Embassy on January 12, 2015, and Petitioner was scheduled for removal to Jamaica on January 29, 2015.[1] ECF 4 at Ex. 1 and 2.

The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs whether an alien's detention pending removal is constitutional. In *Zadvydas*, the Supreme Court held that post-removal-order detention under 8 U.S.C. §1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention. In sum, the Court found that after an order of deportation became final, an alien may be held for a six-month period. After this period:

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas*, 533 U.S. at 700. The purpose of detaining a deportable alien is to insure his presence at the moment of removal. *See id.* at 697–99. In cases where it is unlikely that removal will occur, detention of the alien no longer serves this purpose. *See Clark v. Martinez*, 543 U.S. 371,

---

[1] Petitioner was scheduled for transfer to Louisiana on January 26, 2015. ECF 4 at Ex. 1.

384, (2005) (where repatriation negotiations for removal of inadmissible aliens to Cuba had ceased, removal was not reasonably foreseeable).

Respondents have provided evidence that establishes that Petitioner's removal is not only likely, but imminent.  In fact, based on Respondent's response, removal occurred on January 29, 2015. To the extent Petitioner was detained longer than what is normally reasonable to secure his removal to Jamaica, his own actions are the cause of that delay.  Petitioner is, accordingly, not entitled to the relief sought and the petition shall be denied by separate Order which follows.

_____
Date

GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE